Birchard, J.
The only question litigated is, which has the better title in equity. Morse & Dodge recovered, at the same time, judgments against Clark & Willey for the same debt, they being principals and C. N. Willey the surety. The judgment against C. N. Willey only, has been levied on lot 99. Clark & Willey were much embarrassed, and the transfer to C. N. Willey, by Clark & Willey, was made to enable them to convey the real estate in payment of their debts, discharged of all judgment liens. J. W. Willey djed insolvent, and Clark is insolvent. It is not claimed they had any fraudulent intention in making or promising to be made any of these transfers; but it is admitted they had not, and such is the proof.
The conveyances to C. N. Willey, being without consideration, are claimed to have been void as against creditors; and Morse & Dodge, having obtained judgments against both the trustee and cestui que trust, insist that they had a right to pursue the property on the judgment against either. This position is one to which we readily yield our assent. It brings us to a consideration of the effect of the parol agreement, and the deed executed in fulfillment of it.
The statute for the prevention of frauds and perjuries, has not been brought forward, by way of plea or answer, to defeat the parol agreement. It is, however, relied upon in argument as a defence. • It may be admitted here, that on a bill against Clark & Willey, for specific performance, filed by Myers & Minns, of the daté of Morse & Dodge’s judgment, a defence, presented in proper form, under the statute, might have been sustained. Then there had been no such part performance as would have required a decree of specific performance, to prevent the statute against fraud from becoming an instrument in aid of a fraud. Nothing had then been done under the contract but delivery of possession. The authorities cited by *571 defendants’ counsel, fully sustain this position. From this, however, it does not necessarily follow that no equity was thereby acquired. The fifth section of the act only forbids the maintenance of an action to enforce the parol contract. It does not purport that it shall be absolutely void. By implication it admits, that as between the parties, the parol contract may give rise to equities as binding upon the conscience as if the same were evidenced by writing. It was created as a rule which public policy required. It was in this view that courts of equity, instead of holding such contracts absolutely void, have sometimes sustained and enforced them, in cases where the contract has been admitted in the answer, and the defence arising from the statute waived, by a neglect to rely upon it. Wood v. Dille, 11 Ohio Rep. 455; 2 Story Eq. 57; 8 New Hamp. Rep. 9; 3 Vesey, Jr. 39, n.
In such cases, the parol contract is the basis of the decree, as it is also in all instances where part performance takes the contract out of the operation of the statute. Hence it. would seem to follow that the parol contract to convey was voidable only, and was binding upon the conscience; and if admitted and affirmed in answer, would and must have been enforced by decree against Clark & Willey, at the date of respondent’s judgment. They, therefore, in procuring the conveyance, only did voluntarily what a court of equity, upon their own confession, would have forced from them. Shall the act thus done in good faith, in performance of a moral duty arising from an express agreement, when executed, be less efficient than a judicial decree? Shall the equity thus created and perfected yield to the force of an intervening judgment lien, which only operated upon such interest as remained in the contracting party, after entering into the agreement ?
In equity, that is considered as done which the parties have agreed to do, and which they ought to have done. Clark & Willey could not, as honest men, refuse a conveyance of lot 99, at any time after April 17th. They had then placed Minns in possession of the premises. They sought not the aid of the *572 statute of frauds and perjuries to enable them to perpetuate a fraud, to violate their promise ; and we will not permit the defendants to say that the law violates it for them, by urging a defence that they never made, and which they could not make as honest men.
Now, what interest had the judgment debtors in this land at the date of the judgment, upon which it operated as a lien ? The answer is, a legal title, subject to a parol contract, partly executed, which the parties had a right, and in conscience were bound to execute, but could not be compelled to act involuntarily in the matter. In acting freely and without fraud; they fulfilled their contract by transferring the legal title, and perfecting and establishing the original equity. The consequence is that the complainant has the elder equity, and the legal title and the junior judgment lien, which was contingent, depending upon the good or bad faith of Clark and Willey, must yield.
Decree for Complainant.